IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19cr153-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **PRELIMINARY ORDER** |
| v. | ) | **OF FOREITURE** |
| | ) | |
| DEJUAN EVANS | ) | |

THIS MATTER is before the Court on the United States of America's Motion for Preliminary Order of Forfeiture, (Doc. No. 45), which the defendant has not opposed.

The United States requests, pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. § 924, that this Court to enter a Preliminary Order of Forfeiture for the firearm involved in the offenses in this case. For good cause shown and based on the preponderance of the evidence, this Court hereby GRANTS the Motion. In support of granting the Motion, the Court FINDS AS FOLLOWS:

## I.    BACKGROUND

On July 10, 0218, law enforcement arrested Defendant and during a search of his apartment seized a Smith & Wesson, Model SW40VE, .40 caliber pistol, serial number PBT5534, and ammunition ("the Smith & Wesson Pistol"). On July 17, 2019, a Grand Jury returned a First Superseding Bill of Indictment against Defendant, charging him, *inter alia*, with the following offenses committed on or about June 18, 2018 and July 2, 2018:

- Carjacking in violation of 18 U.S.C. § 2119 and 2, as set forth in Counts One

1

and Three;

- Possession of firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), as set forth in Counts Two and Four; and

- Possession of a firearm by a convicted felon, specifically the Smith & Wesson Pistol, in violation of 18 U.S.C. § 922(g)(1), as set forth in Count Seven.

(Doc. No. 11). The Superseding Indictment contained a notice of forfeiture and finding of probable cause as to the Smith & Wesson Pistol. *Id*.

Defendant elected a jury trial on the criminal charges and a Jury returned Verdicts of guilt on Counts One through Four and Seven identified above. (Doc. No. 37). Defendant did not elect a jury on forfeiture, and thus, the matter is ripe for determination by the Court.

## II. DISCUSSION

18 U.S.C. § 924 authorizes forfeiture of firearms involved in violations of criminal laws of the United States, and Fed. R. Crim. P. 32.2(b)(1) provides for the preliminary forfeiture, pending petitions by third parties, of assets in a criminal case. Forfeiture is appropriate upon a court finding of a nexus, or connection, between the property and the violations. Fed. R. Crim. P. 32.2(b)(1)(A). In the case of an asset involved in or intended to facilitate a crime, "nexus" means that there is a substantial connection between the property and the crime. *See United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010) (describing substantial connection test used to determine forfeitability of facilitating property). A substantial connection may be established by showing that the use of the property made the crime less difficult or more or less free from obstruction or hindrance. *Id.* (*citing United States v. Schifferli*, 895 F.2d 987,

2

990 (4th Cir. 1990)). The Court's finding may be based on evidence already in the record and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). Notably, the burden of proof on forfeiture is preponderance of the evidence. *See, e.g., United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003).

The preponderance standard is satisfied in this case by the trial evidence and record: the Smith & Wesson Pistol was found at Defendant's apartment and a forensic examiner determined that that Defendant's fingerprints were located on the inserted magazine of the pistol. In Count Seven, the jury convicted Evans with a violation of § 922(g)(1). As that conviction is predicated on the possession of the Smith & Wesson Pistol, the Court finds there is a forfeiture nexus between the firearm and the count of conviction.

It is, therefore **ORDERED**:

1.      Based upon Defendant's convictions, the trial evidence, and the Verdict, the United States is authorized to take and maintain possession of the following property belonging to Defendant, and the property is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

- **One Smith & Wesson, Model SW40VE, .40 caliber pistol, serial number PBT5534, and ammunition.**

2.      Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the

3

Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture. If no third parties file petitions within the time provided by law, then this Order shall become final by operation of law.

Signed: August 5, 2020

_____
Robert J. Conrad, Jr.
United States District Judge